TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Heather Voss*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heather Voss, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia limited liability company; and Navient Solutions, LLC, a foreign limited liability company, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, HEATHER VOSS, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Phoenix, Maricopa County, Arizona.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Arizona; and

b. Navient Solutions, LLC ("Navient") is a foreign limited liability company that conducts business in the State of Arizona.

## GENERAL ALLEGATIONS

7. Navient is inaccurately reporting its trade lines ("Errant Trade Lines") on Plaintiff's Trans Union credit disclosure with an erroneous scheduled monthly payment. The Errant Trade Lines should be reported with a scheduled monthly payment of $0.

8. The accounts reflected by the Errant Trade Lines are charged off and closed. Plaintiff no longer has an obligation to make monthly payments.

9. On or about May 16, 2018, Plaintiff obtained her Equifax credit disclosure. She noticed the Errant Trade Lines reporting inaccurately with an erroneous scheduled monthly payment.

10. On or about June 13, 2018, Plaintiff submitted a letter to Equifax, disputing the Errant Trade Lines.

11. In her dispute letter, Plaintiff explained that the accounts reflected by the Errant Trade Lines are charged off and that she no longer has an obligation to make monthly payments. She asked Equifax to report the monthly payment as $0.

12. Upon information and belief, Equifax forwarded Plaintiff's consumer dispute to Navient.

13. Plaintiff has not received Equifax's investigation results. Therefore, on August 5, 2018, Plaintiff obtained her Equifax credit disclosure, which showed that Equifax and Navient failed or refused to report the Errant Trade Lines with a scheduled monthly payment of $0.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## **COUNT I**

## **NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT**

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment on the Errant Trade Line, Navient negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

17. Navient negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Trade Lines with a scheduled monthly payment of $0.

18. The Errant Trade Lines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such trade lines.

19. As a direct and proximate cause of Navient's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. Navient is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Plaintiff has a private right of action to assert claims against Navient arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Navient for damages, costs, interest, and attorneys' fees.

### COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT**

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Navient willfully failed to conduct a proper

reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Trade Lines with a scheduled monthly payment of $0.

24. Navient willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Navient's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Navient is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Navient for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

29. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

30. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

31. After receiving Plaintiff's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

33. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

36. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

37. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

38. After receiving Plaintiff's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 30, 2018

                                          KENT LAW OFFICES

                                          By: */s/ Trinette G. Kent*
                                             Trinette G. Kent
                                             Attorneys for Plaintiff,
                                             Heather Voss

Case 2:18-cv-02777-DJH   Document 1   Filed 09/04/18   Page 10 of 10